CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 26 2016
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 7:14CR00050 |
| | (CASE NO. 7:16CV81151) |
| v. | MEMORANDUM OPINION |
| VICKY LOUISE HUNLEY, | By: Hon. Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

Vicky Louise Hunley, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Upon review of the motion and court records, however, the court concludes that the § 2255 motion must be dismissed without prejudice, construed as a motion for reduction of sentence under 18 U.S.C. § 3582, and denied.

Hunley pleaded guilty in this court to one count of conspiring to possess with intent to distribute and to distribute methamphetamine. For this offense, on August 13, 2015, the court sentenced her to 73 months in prison. Hunley did not appeal.

Hunley has now filed a § 2255 motion, requesting a reduction in her sentence based on her minor role in the conspiracy. Specifically, she argues that she is entitled to a minor role reduction based on a recent amendment to the advisory federal sentencing guidelines manual. Hunley also cites United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016) (applying Amendment 794 retroactively on direct appeal to defendant who had argued at sentencing, prior to the amendment, for minor role reduction).

Amendment 794 amended § 3B1.2 of the United States Sentencing Guidelines ("USSG") and took effect on November 1, 2015. See id. at 521. This amendment issued after Hunley's conviction became final in September 2015, when she failed to appeal the judgment. In general,

the court is required to use the guidelines manual in effect on the date a defendant is sentenced. See Dorsey v. United States, __U.S.__, 132 S.Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). The United States Sentencing Commission did not make Amendment 794 retroactive to all cases. See USSG. § 1B1.10(d) (2015) (listing retroactive guideline amendments).

Although Hunley asserts her motion under § 2255, she is not entitled to relief under this statute. She is not arguing that her sentence was illegal when imposed, that it was imposed in violation of United States law, or that any other defects cognizable under § 2255(a) are present in her case. See, e.g., Hamilton v. United States, 67 F.3d 761, 763 (9th Cir. 1995) (holding that § 2255 claim can be based only on a claim of lack of jurisdiction, constitutional error, an error resulting in " a complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure") (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)). Instead, Hunley is arguing to receive the retroactive benefit of an amendment that issued after she was sentenced. This type of claim must be brought as a motion under 18 U.S.C. § 3582, not as a § 2255 motion. Therefore, the court will summarily dismiss Hunley's § 2255 motion without prejudice.

Because Hunley is proceeding without counsel, the court liberally construes her submission as a motion seeking reduction under 18 U.S.C. § 3582(c). A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction

2

is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B 1.10 of the Sentencing Guidelines. <u>Dillon v. United States</u>, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a <u>retroactively applicable</u> Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B 1.10(a)(2)(B). Section 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 794 is not listed in § 1B1.10 as retroactively applicable. Because Amendment 794 is thus not retroactively applicable, Hunley's request for a reduction under § 3582(c)(2) pursuant to this amendment has no legal validity and must be denied. A separate order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to defendant.

ENTER: This 26th day of August, 2016.

_____
Chief United States District Judge

3